BUNGE CORPORATION, Appellant, v. MANUFACTURERS HANOVER TRUST COMPANY, Respondent.

Concur — Eager, J. P., Rabin, McNally and Witmer, JJ.; Tilzer, J., dissents in the following memorandum: I dissent insofar as the majority holds that the defenses are "insufficient in law on this record" and would affirm the order appealed from in its entirety. In the posture of the action at Special Term, pretrial examinations having been suspended because of the interposition of plaintiff's motion but the defendant nevertheless having indicating its intent to depose, among others, the three individuals who are alleged to have effectuated the check swapping and withholding scheme, the motion to strike the affirmative defenses and counterclaim was premature under the unusual facts here and was properly denied (CPLR 3212, subd. [f]). The bank cashier's checks in suit were but 3 of some 12 official checks involving transactions between the

parties in connection with the notorious "salad oil scandal." If the defense should be supported that plaintiff was guilty of neglect in these three transactions by virture of its knowledge of the long-continued corrupt conduct of its employee, that such negligence was the proximate cause of the injury and that plaintiff failed in its duty to the defendant in the circumstances, plaintiff may indeed be estopped by its own conduct. The question of estoppel is one of ethics, and is to be enforced where, in good conscience and honest dealing, it ought to be. We may never know the entire truth in this stupendous oil scandal. However, we should afford defendant every opportunity to ferret it out.